DESIREE MOSHAYEDI (SBN 355014)
desiree.moshayedi@us.dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067-4735
T. 310.595.3219 / F. 310.595.3419

DAVID S. SAGER (*pro hac vice* application forthcoming)
david.sager@us.dlapiper.com
**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway, Suite 120
Short Hills, NJ 07078-2704
T. 973.520.2570 / F. 973.215.2604

BARRY M. HELLER (*pro hac vice* application forthcoming)
barry.heller@us.dlapiper.com
**DLA PIPER LLP (US)**
One Fountain Square
11911 Freedom Drive Suite 300
Reston, VA 20190-5602
T. 703.773.4245 / F. 703.773.5056

*Attorneys for Defendant*
*Spirit Halloween Superstores LLC*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

CREEPS, INC., a California corporation; and JESSICA TRUJILLO, an individual,

Plaintiffs,

v.

SPIRIT HALLOWEEN SUPERSTORES LLC, a Delaware limited liability company,

Defendant.

**Case No. 5:24-CV-02325-SSS**

**MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT TO DISMISS UNDER FED. R. CIV. P. 12(B)(6)**

Date: February 21, 2025
Time: 2:00 PM
Crtrm: 2
Judge: Sunshine Suzanne Sykes

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

Page


I. Background ..... 1

II. Legal Standard ..... 3

III. Plaintiffs fail to state claims for breach of the implied covenant of good faith and fair dealing ..... 4

IV. Plaintiffs fail to state claims for promissory estoppel. ..... 6

- A. Plaintiffs' promissory estoppel claims are time-barred. ..... 7
- B. The Complaint lacks well-pled allegations of any "clear and unambiguous" promise. ..... 7
- C. Plaintiffs' alleged reliance was unreasonable as a matter of law. ..... 11
- D. The Complaint lacks well pled allegations that injustice can only be avoided by enforcement of the alleged promises. ..... 13

V. Conclusion ..... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Rsch. Ctr., Inc. v. Eisai, Inc.*,
No. 2:22-cv-2862-AFMx,
2023 U.S. Dist. LEXIS 52955 (C.D. Cal. Jan 4, 2023)....................4

*Aircraft Inventory Corp. v. Falcon Jet Corp*,
18 F. Supp. 2d 409 (D.N.J. 1998)....................9

*Alameda Health Sys. v. Alameda County Emps.' Ret. Ass'n.*,
100 Cal. App. 5th 1159 (Cal. App. 1 Dist. 2024)....................5, 11

*Alexander v. CIGNA Corp.*,
991 F. Supp. 427 (D.N.J. 1998)....................8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................3

*Barnes v. Yahoo!, Inc.*,
570 F.3d 1096 (9th Cir. 2009)....................9

*Barragan v. Barragan*,
No. 22CHCV00696,
2024 Cal. Super. LEXIS 12812 (Cal. Super. Mar. 15, 2024)....................7

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)....................3

*Bonczek v. Carter-Wallace, Inc.*,
304 N.J. Super. 593 (App. Div. 1997)....................7

*Branch Banking & Tr. Co. v. D.M.S.I., LLC*,
871 F.3d 751 (9th Cir. 2017)....................12

*Cahill v. Liberty Mut. Ins. Co.*,
80 F.3d 336 (9th Cir. 1996)....................3

*Carma Devs. (Cal.), Inc. v. Marathon Dev. Cal., Inc.*,
2 Cal. 4th 342 (Cal. 1992)....................5

*Century 21 Real Estate LLC v. All Prof'l Realty, Inc.*,
889 F. Supp. 2d 1198 (E.D. Cal. 2012) ........ 5

*Coates v. Cooper Health Sys.*,
Civil No. 13-4442 (JEI/AMD),
2014 U.S. Dist. LEXIS 47446 (D.N.J. Apr. 7, 2014) ........ 12

*Cosgrove v. Bartolotta*,
150 F.3d 729 (7th Cir. 1998) ........ 9

*Cumberland Farms, Inc. v. New Jersey Dept. of Env'l Prot.*,
447 N.J. Super. 423 (App. Div. 2016) ........ 10, 11

*Davis v. HSBC Bank Nevada, N.A.*,
691 F.3d 1152 (9th Cir. 2012) ........ 1

*Del Sontro v. Cendant Corp.*,
223 F. Supp. 2d 563 (D.N.J. 2002) ........ 8

*Div. of Labor Law Enforcement v. Transpacific Transp.n Co.*,
69 Cal. App. 3d 268 (Cal. App. 1 Dist. 1977) ........ 13

*Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.*,
211 Cal. App. 4th 230 (Cal. App. 4 Dist. 2012) ........ 13

*Estate of Lester Cotton v. Senior Planning Servs.*,
Civil Action No.: 19-8921 (FLW),
2020 U.S. Dist. LEXIS 223567 (D.N.J. Nov. 30, 2020) ........ 6

*Glen Holly Entm't, Inc. v. Tektronix, Inc.*,
100 F. Supp. 2d 1086 (C.D. Cal. Sept. 14, 1999) ........ 10

*Glen Holly Entm't, Inc. v. Tektronix Inc.*,
343 F.3d 1000 (9th Cir. 2003) ........ 7

*Graddon v. Knight*,
138 Cal. App. 2d 577 (Cal. App. 1 Dist. 1956) ........ 7

*Hass v. Darigold Diary Prods. Co.*,
751 F.2d 1096 (9th Cir. 1985) ........ 7

*Hillsborough Rare Coins, LLC v. ADT LLC*,
No. 16-916 (MLC),
2017 U.S. Dist. LEXIS 67113 (D.N.J. May 2, 2017) ........ 13

*Hosner v. Skelly*,
72 Cal. App. 2d 457 (Cal. App. 3 Dist. 1946)....................9

*JMP Sec. LLP v. Altair Nanotech., Inc.*,
880 F. Supp. 2d 1029 (N.D. Cal. 2012)....................6

*Joffe v. City of Huntington Park*,
201 Cal. App. 4th 492 (Cal. App. 2 Dist. 2011)....................6, 9

*Jones v. Wachovia Bank*,
230 Cal. App. 4th 935 (Cal. App. 6 Dist. 2014)....................6

*Kas Oriental Rugs, Inc. v. Ellman*,
394 N.J. Super. 278 (App. Div. 2007)....................11

*Karl's Sales & Serv., Inc. v. Gimbel Bros., Inc.*,
249 N.J. Super. 487 (App. Div. 1991)....................5

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018)....................1, 3

*Laks v. Coast Fed. Sav. & Loan Assn.*,
60 Cal. App. 3d 885 (Cal. App. 2 Dist. 1976)....................7, 12, 13

*Lange v. TIG Ins. Co.*,
68 Cal. App. 4th 1179 (Cal. App. 2 Dist. 1998)....................8

*Luso Fuel, Inc. v. BP Prods. N. Am., Inc.*,
No. 08-CV-3947 (DMC),
2009 U.S. Dist. LEXIS 54913 (D.N.J. June 29, 2009)....................12

*Malmstron v. Kaiser Aluminum & Chem. Corp.*,
187 Cal. App. 3d 299 (Cal. App. 1 Dist. 1986)....................12

*Merck & Co. v. USW*,
No. 2:16-cv-05459-WJM-MF,
2021 U.S. Dist. LEXIS 59322 (D.N.J. Mar. 29, 2021)....................11

*MLCFC 2007-9 ACR Master SPE, LLC v. Echo Farms, RV Resort LLC*,
No. A-1692-13T1,
2014 N.J. Super. Unpub. LEXIS 2613 (App. Div. Nov. 3, 2014)....................8, 11

*Murphy v. Twitter, Inc.*,
60 Cal. App. 5th 12 (Cal. App. 1 Dist. 2021)....................8

*Nanometrics Inc. v. Optical Sols.*,
No. 18-cv-00417-BLF,
2019 U.S. Dist. LEXIS 241313 (N.D. Cal. Nov. 26, 2019) .......... 9

*Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*,
6 Cal. App. 5th 1207 (Cal. App. 4 Dist. 2016) .......... 7

*Pancza v. Remco Baby, Inc.*,
761 F. Supp. 1164 (D.N.J.1991) .......... 7

*In re Phillips Petroleum Securities Litigation*,
881 F.2d 1236 (3d Cir. 1989) .......... 9

*Pop's Cones, Inc. v. Resorts Int'l Hotel, Inc.*,
307 N.J. Super. 461 (App. Div. 1998) .......... 13

*Prudential Stewart Realty v. Sonnenfeldt*,
285 N.J. Super. 106 (App. Div. 1995), cert. denied, 143 N.J. 329 (App. Div. 1996) .......... 5

*Rambus Inc. v. Hynix Semiconductor Inc.*,
629 F. Supp. 2d 979 (N.D. Cal. 2009) .......... 4

*Signal Hill Aviation Co. v. Stroppe*,
96 Cal. App. 3d 627 (Cal. App. 2 Dist. 1979) .......... 13

*Slivinsky v. Watkins-Johnson Co.*,
221 Cal. App. 3d 799 (Cal. App. 6 Dist. 1990) .......... 12

*Snider v. Roadway Packaging Sys.*,
No. C-99-02728 CRB,
2000 U.S. Dist. LEXIS 4688 (N.D. Cal. Apr. 12, 2000) .......... 10

*Sons of Thunder, Inc. v. Borden, Inc.*,
148 N.J. 396 (N.J. 1997) .......... 4, 5

*Thoma v. City of Spokane*,
696 Fed. Appx. 197 (9th Cir. 2017) .......... 10, 12

*Thomson v. Int'l All. of Theatrical Stage Emp.*,
232 Cal. App. 2d 446 (Cal. App. 2 Dist. 1965) .......... 7

*Tigg Corp. v. Dow Corning Corp.*,
822 F.2d 358 (3rd Cir. 1987) .......... 4

*Toll Bros, Inc. v. Bd. of Chosen Freeholders of Cnty. of Burlington*,
194 N.J. 223 (N.J. 2008)....................6, 12

*Tollefson v. Roman Catholic Bishop*,
219 Cal. App. 3d 843 (Cal. App. 4 Dist. 1990)....................5

*Tomlinson v. Qualcomm, Inc.*,
97 Cal. App. 4th 934 (Cal. App. 4 Dist. 2002)....................12

*United States v. Ritchie*,
342 F.3d 903 (9th Cir. 2003)....................1

*Universal By-Products, Inc. v. City of Modesto*,
43 Cal. App. 3d 145 (Cal. App. 5 Dist. 1974)....................11

*VFLA Eventco, LLC v. William Morris Endeavor Entm't, LLC*,
100 Cal. App. 5th 287 (Cal. App. 2 Dist. 2024)....................5

*Wade v. Kessler Inst.*,
172 N.J. 327 (N.J. 2002)....................4

*Walker v. KFC Corp.*,
728 F.2d 1215 (9th Cir. 1984)....................13

*White v. J.P. Morgan Chase, Inc.*,
167 F. Supp. 3d 1108 (E.D. Cal. 2016)....................3, 9, 12

*Wilson v. Amerada Hess Corp.*,
168 N.J. 236 (N.J. 2001)....................4

**Other Authorities**

CCP § 339(1)....................6

Fed. R. Civ. P. § 12(b)(6)....................3

Rest. 2d Contracts § 2(1)....................8

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Spirit Halloween Superstores LLC ("Spirit") seeks dismissal of the Third, Fourth, Fifth, and Sixth Claims in the Complaint (ECF No. 1 ("Complaint" or "Compl.") brought by Plaintiffs Creeps, Inc. ("Creeps") and Jessica Trujillo ("Trujillo," and collectively, "Plaintiffs") because each fails to state a claim upon which relief can be granted.

## I. BACKGROUND

This case arises out of a series of consignment agreements between Creeps and Spirit and Creeps' operation of two seasonal – or "pop-up" – stores in California. Compl. ¶¶ 10-12. Most recently, Creeps entered into a Halloween Merchandise Multi-Year Consignment Contract with Spirit dated February 21, 2018 (the "Consignment Agreement" (Exhibit A)) pursuant to which Creeps agreed to sell Halloween related merchandise placed into Creeps custody on a consignment basis.[1] The Complaint repeatedly refers to "consignment agreements" but avoids specifically referencing the 2018 Consignment Agreement (or attaching it), presumably because Plaintiffs recognize that the terms refute their claims.

Regardless of the reason, the Consignment Agreement makes the terms of the parties' relationship clear: Spirit would place certain goods in Creeps' custody to sell on a consignment basis during a specific period of time. *See*, *e.g.*, Consignment Agreement at A. The initial term of the Consignment Agreement

---

[1] Under the incorporation by reference doctrine, the Court may consider documents referenced in the complaint or on which the complaint necessarily relies. *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012). *See also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)) (A defendant may seek to "incorporate[] [a document] by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.").

ended on January 31, 2020 and automatically extended annually subject to either party's right to terminate without reason or cause by providing written notice at specified times. Consignment Agreement §§1.3, 1.3.1. As stated in section 1.3.1, "SPIRIT may terminate this Consignment Agreement by giving CO [Creeps] written notice no later than January 15th prior to the expiration of the Initial Term or any subsequent Renewal Term." The Consignment Agreement also makes clear that it is "governed and construed in accordance with New Jersey law" and that it "constitutes the entire agreement" between the parties and "may not be modified or amended except in writing signed by CO [Creeps] and a duly authorized officer of SPIRIT." Consignment Agreement §§ 8.1, 9.5. Trujillo was not a party to the Consignment Agreement, though she did guaranty Creeps' obligations. *Id.* at 22-23.

This dispute arises from Spirit's exercise of its clear and express contractual right not to renew the annual term of the Consignment Agreement. Plaintiffs allege that, in 2015 and again in November 2021, Spirit told them that the Consignment Agreement would be renewed absent a breach – i.e., that Spirit waived its contractual right not to renew. Compl. ¶¶ 17-22. Plaintiff Trujillo further alleges that, in October 2021, Spirit emailed her requesting that she purchase "snap wall kits" to display merchandise for the 2022 season, which she did, along with other preparations. *Id.* at ¶ 22. Plaintiffs allege that Spirit nevertheless elected not to renew the Consignment Agreement by providing them with oral notice on January 11, 2022 and written notice on January 13, 2022, thus falling within the January 15 deadline under section 1.3.1. *Id.* at ¶¶ 24-25.

Plaintiffs attempt to avoid the plain language of the Consignment Agreement by ignoring that it exists. First, Plaintiffs allege that Creeps was a "franchisee" covered by the California Franchise Relationship Act such that Spirit was prohibited by exercising its right not to renew the Consignment Agreement without cause and without providing 180-days notice. Creeps was not a franchisee and is not covered

by the California Franchise Relationship Act for a successive annual term. Alternatively, Plaintiffs allege that (1) the Consignment Agreement included an implied covenant of good faith and fair dealing that prohibited Spirit from electing not to renew the arrangement for another year (Third and Fourth Claims), and (2) Spirit was estopped from non-renewing the Consignment Agreement based on allegations that Spirit promised Plaintiffs that the business would continue for the next year (Fifth and Sixth Claims). Even accepting Plaintiffs' allegations as true (they are not), the implied covenant cannot impose obligations which contradict the express term of the Consignment Agreement permitting non-renewal upon timely notice, and Plaintiffs' promissory estoppel claims are time-barred, the alleged statements do not constitute "clear and unambiguous promises" required for such claim and any purported reliance on such statements was unreasonable as a matter of law.

## II. LEGAL STANDARD

"On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party." *White v. J.P. Morgan Chase, Inc.*, 167 F. Supp. 3d 1108, 1111 (E.D. Cal. 2016) (citing *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996)). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). The required standard is plausibility, not mere possibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Khoja*, 899 F.3d at 1008.

## III. PLAINTIFFS FAIL TO STATE CLAIMS FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.

As discussed, the Consignment Agreement is to be "governed and construed in accordance with the New Jersey law …" Consignment Agreement § 8.1. Accordingly, New Jersey law applies to Plaintiffs' claims based on the covenant of good faith and fair dealing. *Advanced Rsch. Ctr., Inc. v. Eisai, Inc.*, No. 2:22-cv-2862-AFMx, 2023 U.S. Dist. LEXIS 52955, *5 (C.D. Cal. Jan. 4, 2023) (choice of law clause designating New Jersey law applies to a claim for violation of the implied covenant of good faith and fair dealing). Regardless, New Jersey and California law are consistent that the implied covenant cannot be used to negate an express term of a contract. *See Wade v. Kessler Inst.*, 172 N.J. 327, 341 (N.J. 2002) (quoting *Wilson v. Amerada Hess Corp.*, 168 N.J. 236, 244 (N.J. 2001)) ("the implied covenant of good faith and fair dealing cannot override an express term in a contract…"); *Rambus Inc. v. Hynix Semiconductor Inc.*, 629 F. Supp. 2d 979, 1015 (N.D. Cal. 2009) ("The implied covenant of good faith and fair dealing that exists in all contracts is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated in the contract.")

The Consignment Agreement specifically addresses renewals after the initial terms and provided both Spirit and Creeps with the right not to renew upon the provision of proper notice. Consignment Agreement § 1.3.1. Plaintiffs concede that Spirit provided such notice. Compl. ¶ 25 ("Spirit then sent a termination letter to Trujillo dated January 13, 2022 …"). Plaintiffs allege that "Spirit created an expectation that it would continue to renew Trujillo's consignment agreement," but Plaintiffs' contention cannot be reconciled with the express language in the Consignment Agreement. Compl. ¶ 41. *See Sons of Thunder, Inc. v. Borden, Inc.*, 148 N.J. 396, 419 (N.J. 1997) ("the implied covenant of good faith and fair dealing cannot override an express termination clause"); *Tigg Corp. v. Dow Corning Corp.*,

822 F.2d 358, 363 (3rd Cir. 1987) ("Any evidence which cannot be read as consistent with the express terms of the contract is simply irrelevant because of the principle that a contract will not be given an interpretation that is in conflict with its express language"). *See also VFLA Eventco, LLC v. William Morris Endeavor Entm't, LLC*, 100 Cal. App. 5th 287, 312 (Cal. App. 2 Dist. 2024) (the implied covenant of good faith and fair dealing "will not 'be read to prohibit a party from doing that which is expressly permitted by an agreement'"); *Alameda Health Sys. v. Alameda Cnty. Emps.' Ret. Ass'n*, 100 Cal. App. 5th 1159, 1191 (Cal. App. 1 Dist. 2024) ("As to acts and conduct authorized by the express provisions of the contract, no covenant of good faith and fair dealing can be implied which forbids such acts and conduct. And if defendants were given the right to do what they did by the express provisions of the contract there can be no breach"); *Tollefson v. Roman Catholic Bishop*, 219 Cal. App. 3d 843, 854 (Cal. App. 4 Dist. 1990) (a written contract which "provides that neither party need renew the agreement…precludes the existence of any contrary implied agreement to … require renewal in the absence of good cause").

Spirit's reason for non-renewal is irrelevant. *See Sons of Thunder,* 148 N.J. at 419 ("a party's motive in terminating a contract is irrelevant as it relates to the alleged violation of the express termination clause"); *Prudential Stewart Realty v. Sonnenfeldt*, 285 N.J. Super. 106, 110 (App. Div. 1995), *cert. denied*, 143 N.J. 329 (App. Div. 1996) (a party does not breach the implied duty of good faith and fair dealing regardless of motive in exercising a contractual right to terminate); *Karl's Sales & Serv., Inc. v. Gimbel Bros., Inc.*, 249 N.J. Super. 487, 495 (App. Div. 1991), *cert. denied*, 127 N.J. 548 (1991) (same). *See also Century 21 Real Estate LLC v. All Prof'l Realty, Inc.*, 889 F. Supp. 2d 1198, 1225 (E.D. Cal. 2012) ("If a party has a legal right to terminate the contract . . . , its motive for exercising that right is irrelevant."); *Carma Devs. (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 376 (Cal. 1992) (holding that "termination of the lease solely to realize a profit"

cannot violate the implied covenant of good faith and fair dealing when termination "was expressly permitted by the lease"). Creeps received the benefits to which it was entitled, and there is no basis to imply a term that does not appear in the Consignment Agreement, let alone to allege that Spirit breached such an implied obligation that contradicts its terms.

## IV. PLAINTIFFS FAIL TO STATE CLAIMS FOR PROMISSORY ESTOPPEL.

Unlike Plaintiffs' implied covenant claims, Plaintiffs' claims for promissory estoppel are not subject to the choice of law provision in the Consignment Agreement because they are extra-contractual. *JMP Sec. LLP v. Altair Nanotechs. Inc.*, 880 F. Supp. 2d 1029, 1036-37 (N.D. Cal. 2012) (choice of law provision applies to contractual claims but not extra-contractual promissory estoppel claims). New Jersey law is consistent. *See Estate of Lester Cotton v. Senior Planning Servs.*, Civil Action No.: 19-8921 (FLW), 2020 U.S. Dist. LEXIS 223567, *36-37 (D.N.J. Nov. 30, 2020) (interpreting the breadth of a choice of law clause and holding that when the nature of the claim does not arise from the contract's language, the choice of law clause does not control).

Under California law, the doctrine of promissory estoppel requires the following elements: "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." *Jones v. Wachovia Bank*, 230 Cal. App. 4th 935, 945 (Cal. App. 6 Dist. 2014); *Joffe v. City of Huntington Park*, 201 Cal. App. 4th 492, 513 (Cal. App. 2 Dist. 2011) (same). *See also Toll Bros, Inc. v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 194 N.J. 223, 253 (N.J. 2008) (same). Plaintiffs' promissory estoppel claims should be dismissed because they are time-barred and the allegations in the Complaint fail to state a valid claim.

**A. Plaintiffs' promissory estoppel claims are time-barred.**

The statute of limitations for a promissory estoppel claim based upon an oral promise is two years. CCP § 339(1); *Barragan v. Barragan*, No. 22CHCV00696, 2024 Cal. Super. LEXIS 12812, *15 (Cal. Super. Mar. 15, 2024); *Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*, 6 Cal. App. 5th 1207, 1223-1224 (Cal. App. 4 Dist. 2016). Thus, because the Complaint in this case was not filed until October 31, 2024, any promissory estoppel claims based on the oral statements which Plaintiffs allege were made by Spirit representatives in 2015 and November 2021 – and which Plaintiffs claim rendered improper the non-renewal in January 2022 – are time-barred.

**B. The Complaint lacks well-pled allegations of any "clear and unambiguous" promise.**

A promise must be "clear and unambiguous in its terms" in order to support a promissory estoppel claim. *Laks v. Coast Fed. Sav. & Loan Assn.*, 60 Cal. App. 3d 885, 890-91 (Cal. App. 2 Dist. 1976); *Thomson v. Int'l All. of Theatrical Stage Emp.*, 232 Cal. App. 2d 446, 454 (Cal. App. 2 Dist. 1965) (same); *Graddon v. Knight*, 138 Cal. App. 2d 577, 583 (Cal. App. 1 Dist. 1956) (same). "[A] promise that is 'vague, general or of indeterminate application' is not enforceable." *Glen Holly Entm't, Inc. v. Tektronix Inc.*, 343 F.3d 1000, 1017 (9th Cir. 2003) (quoting *Hass v. Darigold Dairy Prods. Co.*, 751 F.2d 1096, 1100 (9th Cir. 1985)). See also *Pancza v. Remco Baby, Inc.*, 761 F. Supp. 1164, 1172 (D.N.J. 1991) (same); *Bonczek v. Carter-Wallace, Inc.*, 304 N.J. Super. 593, 601 (App. Div. 1997) (same). Even if made, none of these alleged statements clearly and unambiguously declared that Spirit waived its right to not renew the Consignment Agreement in accordance with the required notice.

Plaintiffs allege they were told they could "continue as operators" and "had nothing to be worried about," but these alleged statements are neither clear nor unambiguous promises. (Compl. at ¶¶ 17-18). Moreover, an alleged oral promise

in the context of a written contract should be construed in a manner consistent with the written agreement. *See Murphy v. Twitter, Inc.*, 60 Cal. App. 5th 12, 39 (Cal. App. 1 Dist. 2021) (in light of Twitter's written terms of service which explicitly allowed Twitter to remove posts and terminate accounts, "[n]o plausible reading" of Twitter's extra-contractual statements would constitute a promise not to take such action); *Lange v. TIG Ins. Co.*, 68 Cal. App. 4th 1179, 1186 (Cal. App. 2 Dist. 1998) (statement that termination is "effective July 6, 1996" cannot constitute a promise that termination would not occur before then because a provision in the agreement allowed for immediate termination with cause). *See also MLCFC 2007-9 ACR Master SPE, LLC v. Echo Farms, RV Resort LLC*, No. A-1692-13T1, 2014 N.J. Super. Unpub. LEXIS 2613, at *17 (App. Div. Nov. 3, 2014) (interpreting an oral statement allegedly promising a loan modification in a way that is "not incompatible" with the written loan agreement). The Consignment Agreement granted Spirit the right not to renew without cause, and the alleged oral statements (even as Plaintiffs wish to interpret them) clearly are inconsistent with that provision.

The Restatement defines promise as the "*manifestation of intention* to act or refrain from acting in a specified way, so made as to justify a promisee in understanding that a commitment has been made." Restatement (Second) of Contracts § 2(1) (emphasis added). Even if these comments implied that Spirit intended to renew a consignment agreement that had not been breached, statements of present intention – which these at most were – cannot as a matter of law constitute a promise on which a promissory estoppel claim can be based. *See Del Sontro v. Cendant Corp.*, 223 F. Supp. 2d 563, 576 (D.N.J. 2002) (holding that "[i]t was legally unreasonable" for plaintiff to rely on defendant's "indefinite" expression of intent); *Alexander v. CIGNA Corp.*, 991 F. Supp. 427, 439 (D.N.J. 1998) ("A truthful statement as to the present intention of a party with regard to future acts is not the foundation upon which an estoppel may be built. The intention is subject to

change.") (citing *In re Phillips Petrol. Secs. Litig.*, 881 F.2d 1236, 1250 (3d Cir. 1989); *Hosner v. Skelly*, 72 Cal. App. 2d 457, 463-464 (Cal. App. 3 Dist. 1945) ("The intent of a party, however positive and fixed… is necessarily uncertain as to its fulfillment, and must depend upon contingencies and be subject to change"). *See e.g., Joffe*, 201 Cal. App. 4th at 509 (numerous informal representations by city officials that "the Property w[ill] eventually be acquired by negotiation or through the power of eminent domain at some future date" is not a promise that the city would ever actually acquire the property).

Similarly, a promise which is conditioned on future assessments by the promisor cannot be the basis of a promissory estoppel claim. *Nanometrics Inc. v. Optical Sols.*, No. 18-cv-00417-BLF, 2019 U.S. Dist. LEXIS 241313, *17 (N.D. Cal. Nov. 26, 2019) ("Where an alleged promise is conditional or subject to further negotiations, the 'clear and unambiguous' requirement for promissory estoppel is not met."); *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1108 (9th Cir. 2009) (quoting *Cosgrove v. Bartolotta*, 150 F.3d 729, 733 (7th Cir. 1998)) ("If '[a] promise [] is vague and hedged about with conditions . . . . [the promisee] cannot plead promissory estoppel.'"); *Aircraft Inventory Corp. v. Falcon Jet Corp*, 18 F. Supp. 2d 409, 416 (D.N.J. 1998) ("[T]here was no 'clear and definite promise' because the alleged representations were 'conditional and contingent'").

The principle applies even if Plaintiffs knew the condition was met (or believed it would be met in the future) at the time of the alleged reliance. In *White v. J.P. Morgan Chase, Inc.*, the defendant bank stated that plaintiffs qualified for a loan modification if the oral information that had been provided by plaintiffs could be verified. 167 F. Supp. 3d 1108, 1110-1111 (E.D. Cal. 2016). At the time of the alleged promise, plaintiffs would presumably have known if the information they provided was true, since they were the source. Although the bank verified the plaintiffs' information, the bank decided not to provide the loan modification and plaintiff claimed she was entitled to enforcement of the bank's alleged promise on

a promissory estoppel theory. *Id*. at 1111. The court granted the bank's motion to dismiss, holding that the bank's statement was insufficient to state a claim for promissory estoppel as it put plaintiff on notice that there was no final commitment and thus, reliance would be unreasonable. *Id*. at 1113. Similarly, as Spirit's alleged "promise" was conditioned on a determination of whether or not there was a breach of the Consignment Agreement, Plaintiffs were put on notice that a final commitment had not yet be made, and thus, any reliance on such statement for purposes of a promissory estoppel claim is misplaced. *Thoma v. City of Spokane, Wash.*, 696 Fed. App'x 197, 199 (9th Cir. 2017) (reliance on a future conditional promise cannot form the basis of a promissory estoppel claim).

Plaintiffs further allege they relied on the alleged statement from Spirit representatives that "they had 'great expectations for the coming 2022 season for Spirit partnerships.'" (Compl. at ¶ 23) This statement of opinion cannot reasonably be perceived as a promise. *See Alexander*, 991 F. Supp. at 439 ("[W]hat plaintiffs point to as promises are, in reality, only statements of opinions or expectations which do not support an estoppel claim."); *Glen Holly Entm't, Inc. v. Tektronix, Inc*., 100 F. Supp. 2d 1086, 1101 (C.D. Cal. 1999) (representations about the future success of a product do not constitute a promise that it would not be discontinued); *Snider v. Roadway Packaging Sys.*, No. C-99-02728 CRB, 2000 U.S. Dist. LEXIS 4688, at *4 & *16 (N.D. Cal. Apr. 12, 2000) ("You seem to be the person for this job" is not a promise to employ plaintiff). Plaintiffs do not allege any statement that constitutes a waiver of Spirit's right to not renew the Consignment Agreement for another season.

Plaintiff Trujillo also alleges she relied on an email from Spirit "asking her to place an order for snap wall kits for the 2022 season." (Compl. at ¶ 22). This alleged request for preparations is not a clear and unambiguous promise. *See Snider*, 2000 U.S. Dist. LEXIS 4688 at *14 (promissory estoppel was not applicable where "[n]o explicit promises were ever made to plaintiff"). *See also Cumberland Farms,*

*Inc. v. N.J. Dep't of Env'l Prot.*, 447 N.J. Super. 423, 442 (App. Div. 2016) (affirming dismissal of promissory estoppel claim where "there was no 'clear and definite promise'"); *E. Orange Bd. of Educ. v. N.J. Schs. Const. Corp.*, 405 N.J. Super. 132, 148-49 (App. Div. 2009) (defendant's approval of actions taken in anticipation of construction projects do not constitute a clear and unambiguous promise to fund the projects). "[A]s a general matter, implied terms should never be read to vary [the] express terms [of a written contract]." *Alameda*, 100 Cal. App. 5th at 1191; *Universal By-Prods., Inc. v. City of Modesto*, 43 Cal. App. 3d 145, 156 (Cal. App. 5 Dist. 1974) (an "implied representation of an existing intent" is not a promise, especially when it contradicts an express contractual right). *See also Merck & Co. v. USW, Local 4-575*, No. 2:16-cv-05459-WJM-MF, 2021 U.S. Dist. LEXIS 59322, *13 (D.N.J. Mar. 29, 2021) (courts cannot imply a term into a contract "where the express terms of the contract itself either contradict such an implied term or clearly and unambiguously foreclose that result"); *Kas Oriental Rugs, Inc. v. Ellman*, 394 N.J. Super. 278, 287 (App. Div. 2007) ("implied terms do not override express, inconsistent terms"). Spirit's reminder that the snap wall kits would be required in October 2021 – months before Spirit had to decide whether to renew – is not a basis to contradict the express terms of the Consignment Agreement.

### C. Plaintiffs' alleged reliance was unreasonable as a matter of law.

The Consignment Agreement includes an integration clause that states as follows: "No representation, inducement, promise, agreement, oral or otherwise, not embodied herein, shall be of any force or effect. Further, this Consignment Agreement may not be modified or amended except in writing signed by CO and a duly authorized officer of SPIRIT." (Section 9.5). As a result, any modifications to a contract must be in writing, and a party's alleged reliance on oral statements that contradict or attempt to modify the written terms of the agreement is *per se* unreasonable. *MLCFC*, 2014 N.J. Super. Unpub. LEXIS 2613 at *16 (in rejecting

a promissory estoppel claim, the court found that the clause in the contract that it represented the "entire understanding" between the parties rendered any reliance on oral statements "per se unreasonable"); *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 763 (9th Cir. 2017) (finding unreasonable reliance on oral statements that contradict a written agreement in the presence of a clause stating the contract could only be modified by written agreement).

Furthermore, where an oral statement is inconsistent with the express terms of a contract, courts have found that reliance on that statement is unreasonable as a matter of law. *Malmstrom v. Kaiser Aluminum & Chem. Corp.*, 187 Cal. App. 3d 299, 319 (Cal. App. 1 Dist. 1986) ("[R]eliance on representations that contradict a written agreement is not reasonable."); *Luso Fuel, Inc. v. BP Prods. N. Am., Inc.*, No. 08-CV-3947 (DMC), 2009 U.S. Dist. LEXIS 54913 at *15 (D.N.J. June 29, 2009) ("Reliance is not reasonable where the substance of the alleged misstatement is contradictory of the undertakings expressly dealt with by the written contract."); *Coates v. Cooper Health Sys.*, Civil No. 13-4442 (JEI/AMD), 2014 U.S. Dist. LEXIS 47446, at *8 (D.N.J. Apr. 7, 2014) (reliance on alleged promise was unreasonable as a matter of law where it conflicted with express terms of employment); *Tomlinson v. Qualcomm, Inc.*, 97 Cal. App. 4th 934, 945-46 (Cal. App. 4 Dist. 2002) (finding it unreasonable to rely on a statement guaranteeing plaintiff's continued employment when it was "inconsistent with the express at-will agreement"); *Slivinsky v. Watkins-Johnson Co.*, 221 Cal. App. 3d 799, 807 (Cal. App. 6 Dist. 1990) (same).

Further, reliance on a future conditional promise is not reasonable because no final commitment had been made. *Thoma*, 696 Fed. App'x at 199; *White*, 167 F. Supp. 3d at 1113 ("[B]ecause Chase's promise was conditional, Plaintiffs could not have reasonably relied upon it."); *Toll Bros.*, 194 N.J. at 253 (where plaintiff "knew or should have known that the conditions of approval were subject to change," it was unreasonable to rely on defendant's representations); *Laks*, 60 Cal. App. 3d at

893 (before relying on the promise, the plaintiffs "should have resolved the ambiguities and obtained a finalized agreement").

**D. The Complaint lacks well pled allegations that injustice can only be avoided by enforcement of the alleged promises.**

Promissory estoppel is an equitable theory of recovery conditioned on whether injustice can only be avoided by enforcing a promise. *Signal Hill Aviation Co. v. Stroppe*, 96 Cal. App. 3d 627, 637 (Cal. App. 2 Dist. 1979) (promissory estoppel applies to a promise "if injustice can be avoided only by its enforcement"); *Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.*, 211 Cal. App. 4th 230, 242-243 (Cal. App. 4 Dist. 2012) ("promissory estoppel is an 'alternative theory of recovery' that enforces promises because the promisee has justifiably and foreseeably relied on the promise and equity demands enforcement to avoid injustice") (citing *Div. of Labor Law Enforcement v. Transpacific Transp. Co*., 69 Cal. App. 3d 268, 275 (Cal. App. 1 Dist. 1977)). *See also Hillsborough Rare Coins, LLC v. ADT LLC*, No. 16-916 (MLC), 2017 U.S. Dist. LEXIS 67113, *14 (D.N.J. May 2, 2017) ("The 'essential justification' for the doctrine of promissory estoppel is 'to avoid the substantial hardship or injustice which would result' if a promise was made, and reasonably relied upon, but not enforced.") (quoting *Pop's Cones, Inc. v. Resorts Int'l Hotel, Inc.*, 307 N.J. Super. 461, 469 (App. Div. 1998)). "Promissory estoppel is not a doctrine designed to give a party to a negotiated commercial bargain a second bite at the apple in the event it fails to prove a breach of contract." *Walker v. KFC Corp.*, 728 F.2d 1215, 1220 (9th Cir. 1984) (applying California law). The only conceivable injury alleged by Plaintiffs is that they made nominal preparations for another season.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' Third, Fourth, Fifth and Sixth Claims should be dismissed with prejudice.

Dated: January 6, 2025

**DLA PIPER LLP (US)**

By: */s/ Desiree Moshayedi*

Desiree Moshayedi
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, California 90067
T. 310.595-3219 | F: 310.595.3419
desiree.moshayedi@us.dlapiper.com

David S. Sager (*pro hac vice* application forthcoming)
51 John F. Kennedy Pkwy, Suite 120
Short Hills, New Jersey 07078-2704
T: 973.520.2550 | F: 973.520.2551
david.sager@us.dlapiper.com

Barry M. Heller (*pro hac vice* application forthcoming)
One Fountain Square
11911 Freedom Drive Suite 300
Reston, VA 20190-5602
T. 703.773.4245 / F. 703.773.5056
barry.heller@dlapiper.com

***Attorneys for Defendant***
***Spirit Halloween Superstores, LLC***

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Spirit Halloween Superstores, LLC, certifies that this brief contains 4483 words, which complies with the word limit of Local Rule 11-6.1.

Dated: January 6, 2025

**DLA PIPER LLP (US)**

By: */s/ Desiree Moshayedi*

Desiree Moshayedi
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, California 90067
T. 310.595-3219 | F: 310.595.3419
desiree.moshayedi@us.dlapiper.com

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on January 6, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to all attorneys of record who have consented to accept this notice as service of this document by electronic means through the Court's Notice of Electronic Filing System. Any party not receiving the Court's electronic notification will be sent a copy of the foregoing document.

Dated: January 6, 2025

**DLA PIPER LLP (US)**

By: */s/ Desiree Moshayedi*

Desiree Moshayedi
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, California 90067
T. 310.595-3219 | F: 310.595.3419
desiree.moshayedi@us.dlapiper.com