DESIREE MOSHAYEDI (SBN 355014)
desiree.moshayedi@us.dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4735
T. 310.595.3000 / F. 310.595.3300

DAVID S. SAGER (*Pro Hac Vice*)
david.sager@us.dlapiper.com
**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway
Suite 120
Short Hills, New Jersey 07078-2704
T. 973.520.2550 / F. 973.520.2551

BARRY M. HELLER (*Pro Hac Vice*)
barry.heller@us.dlapiper.com
**DLA PIPER LLP (US)**
One Fountain Square
11911 Freedom Drive
Suite 300
Reston, Virginia 20190-5602
T. 703.773.4245 / F. 703.773.5056

*Attorneys for Defendant*
*Spirit Halloween Superstores, LLC*

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREEPS, INC., a California corporation; and JESSICA TRUJILLO, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SPIRIT HALLOWEEN SUPERSTORES, LLC, a Delaware limited liability company,<br><br>Defendant. | **Case No. 5:24-CV-02325-SSS**<br><br>**DEFENDANT SPIRIT HALLOWEEN SUPERSTORES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**<br><br>Judge: Sunshine Suzanne Sykes<br>Action Filed: October 31, 2024<br>Trial Date: N/A |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant Spirit Halloween Superstores, LLC ("Spirit") hereby answers the Complaint of Plaintiffs Creeps, Inc. and Jessica Trujillo (collectively, "Plaintiffs") as follows:

## ANSWER TO COMPLAINT

1. Paragraph 1 states legal conclusions to which no response is required. Insofar as a response may be required, Spirit denies the allegations in Paragraph 1, except it admits that Plaintiffs entered into consignment agreements with Spirit and refers to the original or an authenticated copy of those agreements for their terms.

2. Paragraph 2 states legal conclusions to which no response is required. Insofar as a response may be required, Spirit denies the allegations in Paragraph 2.

3. Paragraph 3 states legal conclusions to which no response is required. Insofar as a response may be required, Spirit denies the allegations in Paragraph 3, except it admits that Plaintiffs entered into consignment agreements with Spirit.

## JURISDICTION AND VENUE

4. Paragraph 4 states a legal conclusion to which no response is required. Insofar as a response may be required, Spirit is not contesting the Court's subject matter jurisdiction.

5. Paragraph 5 states a legal conclusion to which no response is required. Insofar as a response may be required, Spirit is not at this time contesting venue in this Court.

6. Paragraph 6 states a legal conclusion to which no response is required. Insofar as a response may be required, Spirit is not contesting personal jurisdiction in this Court.

## PARTIES

7. Spirit lacks sufficient knowledge to admit or deny the allegations in Paragraph 7.

8. Spirit lacks sufficient knowledge to admit or deny the allegations in Paragraph 8.

9. Spirit admits the allegations in Paragraph 9.

## FACTS

10. Spirit admits that Plaintiffs entered into a consignment agreement with Spirit in 2005 and operated two Spirit stores in California each season during their tenure, and refers to the originals or authenticated copies of those agreements for their terms.

11. Spirit denies the allegations in Paragraph 11, except it admits that Plaintiffs entered into consignment agreements with Spirit and refers to the originals or authenticated copies of those agreements for their terms.

12. Spirit denies the allegations in Paragraph 12, except it lacks sufficient knowledge to admit or deny the allegations regarding what Plaintiffs would do each year, and admits that they operated popup consignment stores subject to consignment agreements.

13. Spirit denies the allegations in Paragraph 13, except it admits that it entered into consignment agreements with Plaintiffs and refers to the originals or authenticated copies of those agreements for their terms.

14. Spirit denies the allegations in Paragraph 14, except it lacks sufficient knowledge to admit or deny when and how Plaintiffs began preparation for a season.

15. Spirit denies the allegations in Paragraph 15, except it admits that it entered into consignment agreements with Plaintiffs and refers to the originals or authenticated copies of those agreements for their terms.

16. Spirit denies the allegations in Paragraph 16, except it admits that it entered into consignment agreements with Plaintiffs and refers to the originals or authenticated copies of those agreements for their terms.

17. Spirit denies the allegations in Paragraph 17, except it admits that Mary Lou Casto and Ann Sullivan attended the meeting in 2015.

18. Spirit denies the allegations in Paragraph 18, except it admits that George Sotirin attended the call in November, 2021 and expressed satisfaction with the Halloween season in 2021.

19. Spirit denies the allegations in Paragraph 19, except it lacks sufficient knowledge to admit or deny the allegations regarding Plaintiffs' investments or belief about the terms of their relationship.

20. Spirit denies the allegations in Paragraph 20, except it admits that Plaintiffs' consignment agreements were renewed for years.

21. Spirit denies the allegations in Paragraph 21, except it lacks sufficient knowledge to admit or deny the allegations regarding whether Plaintiffs "expended significant time and money"

and how unidentified stores performed, and it admits that it provided Plaintiff with certain recognitions.

22. Spirit denies the allegations in Paragraph 22, except it lacks sufficient knowledge to admit or deny the allegations regarding when, how, and why Plaintiffs began preparations for the 2022 season and refers to the original or authenticated copies of the referenced email for its terms.

23. Spirit denies the allegations in Paragraph 23, except it lacks sufficient knowledge to admit or deny the allegations regarding when, how, and why Plaintiffs began preparations for the 2022 season, and admits that, on November 10, 2021, Steven Silverstein and George Sotirin of Spirit held a Zoom meeting with its operators but states that no "promise[]" was made at that meeting.

24. Spirit denies the allegations in Paragraph 24, except it admits that there was a phone call on January 11, 2022 which included Ann Sullivan and Tim Viechec in which they informed Plaintiffs that the Consignment Agreement was not being renewed.

25. Spirit denies the allegations in Paragraph 25, except it admits that it sent a letter to Plaintiffs dated January 13, 2022 and refers to the original or an authenticated copy of the letter for its terms.

26. Paragraph 26 states a legal conclusion to which no response is required. Insofar as a response may be required, Spirit denies the allegations in Paragraph 26 to the extent they suggest the existence of a franchise relationship and lacks sufficient knowledge to admit or deny the allegations regarding Plaintiffs' consultations with counsel.

27. Spirit denies the allegations in Paragraph 27.

**FIRST CLAIM FOR RELIEF**

**(Violation of the California Franchise Relations Act (Termination))**

28. In response to Paragraph 28, Spirit repeats its responses to Paragraphs 1-27 above as though fully set forth herein.

29. Paragraph 29 states a legal conclusion to which no response is required. Insofar as a response may be required, Spirit denies the allegations in Paragraph 29.

30. Paragraph 30 states a legal conclusion to which no response is required. Insofar as a response may be required, Spirit admits that Paragraph 30 purports to quote the CFRA.

31. Paragraph 31 states a legal conclusion to which no response is required. Insofar as a response may be required, Spirit denies the allegations in Paragraph 31, except it admits that it entered into consignment agreements with Plaintiffs and refers to the originals or authenticated copies of those agreements for their terms.

32. Paragraph 32 states legal conclusions to which no response is required. Insofar as a response may be required, Spirit denies the allegations in Paragraph 32, except it lacks sufficient knowledge to admit or deny that Plaintiffs are California residents and admits that Plaintiffs operated Spirit consignment stores in California.

33. Paragraph 33 states a legal conclusion that does not require a response. Insofar as a response may be required, Spirit denies the allegations in Paragraph 33.

34. Spirit denies the allegations in Paragraph 34.

## SECOND CLAIM FOR RELIEF

**(Violation of the California Franchise Relations Act (Non-renewal))**

35. In response to Paragraph 35, Spirit repeats its responses to Paragraphs 1-34 above as though fully set forth herein.

36. Paragraph 36 states a legal conclusion to which no response is required. Insofar as a response may be required, Spirit denies the allegations in Paragraph 36.

37. Paragraph 37 states a legal conclusion to which no response is required. Insofar as a response may be required, Spirit denies the allegations in Paragraph 37, except it lacks sufficient knowledge to admit or deny the allegation that Plaintiffs are California residents and admits that Plaintiffs operated Spirit consignment stores in California.

38. Paragraph 38 states a legal conclusion to which no response is required. Insofar as a response may be required, Spirit denies the allegations in Paragraph 38.

39. Spirit denies the allegations in Paragraph 39.

## THIRD CLAIM FOR RELIEF

**(Breach of the Covenant of Good Faith and Fair Dealing (Termination))**

40. In response to Paragraph 40, Spirit repeats its responses to Paragraphs 1-39 above as though fully set forth herein.

41. Spirit denies the allegations of Paragraph 41.

42. Spirit denies the allegations in Paragraph 42, except it lacks sufficient knowledge to admit or deny that Plaintiffs "invested significant time, energy, and resources …" or the allegations as to their reasons or expectations for doing so.

43. Spirit denies the allegations in Paragraph 43, except it admits that Plaintiffs never received any formal default notices and it lacks sufficient knowledge or information to admit or deny the allegation that Plaintiffs never received any "complaints of default."

44. Paragraph 44 states a legal conclusion to which no response is required. Insofar as a response may be required, Spirit denies the allegations in Paragraph 44.

45. Paragraph 45 states a legal conclusion to which no response is required. Insofar as a response may be required, Spirit denies the allegations in Paragraph 45.

46. Spirit denies the allegations in Paragraph 46.

## FOURTH CLAIM FOR RELIEF

### (Breach of the Covenant of Good Faith and Fair Dealing (Non-Renewal))

47. In response to Paragraph 47, Spirit repeats its responses to Paragraphs 1-46 above as though fully set forth herein.

48. Paragraph 48 states a legal conclusion to which no response is required. Insofar as a response may be required, Spirit denies the allegations in Paragraph 48.

49. Spirit denies the allegations in Paragraph 49.

50. Spirit denies the allegations in Paragraph 50.

## FIFTH CLAIM FOR RELEIF

### (Promissory Estoppel (Non-renewal))

51. In response to Paragraph 51, Spirit repeats its responses to Paragraphs 1-50 above as though fully set forth herein.

52. Paragraph 52 states a legal conclusion to which no response is required. Insofar as a response may be required, Spirit denies the allegations in Paragraph 52.

53. Paragraph 53 states a legal conclusion to which no response is required. Insofar as a response may be required, Spirit denies the allegations in Paragraph 53.

54. Paragraph 54 states a legal conclusion to which no response is required. Insofar as a response may be required, Spirit denies the allegations in Paragraph 54.

55. Paragraph 55 states a legal conclusion to which no response is required. Insofar as a response may be required, Spirit denies the allegations in Paragraph 55.

56. Paragraph 56 states a legal conclusion to which no response is required. Insofar as a response may be required, Spirit denies the allegations in Paragraph 56.

## SIXTH CLAIM FOR RELIEF

**(Promissory Estoppel (Termination))**

57. In response to Paragraph 57, Spirit repeats its responses to Paragraphs 1-56 above as though fully set forth herein.

58. Paragraph 58 states a legal conclusion to which no response is required. Insofar as a response may be required, Spirit denies the allegations in Paragraph 58.

59. Paragraph 59 states a legal conclusion to which no response is required. Insofar as a response may be required, Spirit denies the allegations in Paragraph 59.

60. Paragraph 60 states a legal conclusion to which no response is required. Insofar as a response may be required, Spirit denies the allegations in Paragraph 60.

61. Paragraph 61 states a legal conclusion to which no response is required. Insofar as a response may be required, Spirit denies the allegations in Paragraph 61.

62. Paragraph 62 states a legal conclusion to which no response is required. Insofar as a response may be required, Spirit denies the allegations in Paragraph 62.

## SEVENTH CLAIM FOR RELIF

**(Unfair, Unlawful, and Fraudulent Business Practices**

**Violations of Cal. Bus. & Prof. Code §17200, et seq.)**

63. In response to Paragraph 63, Spirit repeats its responses to Paragraphs 1-62 above as though fully set forth herein.

64. Paragraph 64 states a legal conclusion to which no response is required. Insofar as a response may be required, Spirit denies the allegations in Paragraph 64.

65. Paragraph 65 states a legal conclusion to which no response is required. Insofar as a

response may be required, Spirit refers to the UCL for its content.

66. Paragraph 66 states a legal conclusion to which no response is required. Insofar as a response may be required, Spirit denies the allegations in Paragraph 66.

67. Spirit denies the allegations in Paragraph 67.

68. Paragraph 68 states a legal conclusion to which no response is required. Insofar as a response may be required, Spirit denies the allegations in Paragraph 68.

69. Paragraph 69 states a legal conclusion to which no response is required. Insofar as a response may be required, Spirit denies the allegations in Paragraph 69.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim for relief under the California Franchise Relations Act ("CFRA"), Cal. Bus. & Prof. Code § 20001 or Cal. Bus. & Prof. Code §17200, *et seq*. ("UCL").

2. Plaintiffs fail to state a claim for promissory estoppel or breach of the covenant of good faith and fair dealing.

3. The CFRA does not apply because the relationship between Plaintiffs and Spirit created by the Consignment Agreement does not constitute a franchise relationship under that Act.

4. The nonrenewal of the Consignment Agreement does not violate the UCL.

5. Plaintiffs' claims are barred by the terms of the Consignment Agreement which expressly allowed Spirit to non-renew the Agreement without cause as long as Spirit provided timely notice, which it did.

6. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel and/or laches.

7. Plaintiffs' claims are barred, in whole or in part, by the absence of reasonable reliance by Plaintiffs.

8. Plaintiffs' claims are barred, in whole or in part, by the absence of a definite and unambiguous promise.

9. Plaintiffs' claims are barred, in whole or in part, by the absence of bad faith conduct by Spirit.

10. Plaintiffs' claims are barred, in whole or in part, by the choice of law clause in section

6.5 of the Consignment Agreement which provides that the Agreement will be governed and construed in accordance with New Jersey law.

11. Plaintiffs' claims are barred, in whole or in part, because the CFRA does not apply to this case and therefore the forum selection clause in section 8.1 of the Consignment Agreement, which designates New Jersey as the exclusive forum for any dispute between the parties, is valid and enforceable.

12. Plaintiffs have no right to a jury for their UCL claim.

13. To the extent Plaintiffs' claims rely upon any extra-contractual statements, Plaintiffs' claims are barred, in whole or in part, by the doctrines of parol evidence and the "Entire Agreement" clause in Section 9.5 of the Consignment Agreement.

14. Plaintiffs' claims are barred, in whole or in part, because the statutes sued upon are unconstitutionally vague.

WHEREFORE, Spirit prays for relief as follows:

1. That the Complaint be dismissed, with prejudice and in its entirety;

2. That Plaintiffs take nothing by reason of this Complaint and that judgment be entered against Plaintiffs and in favor of Spirit;

3. That Spirit be awarded its costs incurred in defending this action;

4. That Spirit be granted such other and further relief as the Court may deem just and proper.

Dated: April 2, 2025                    DLA PIPER LLP (US)

By: */s/ Desiree Moshayedi*
    DESIREE MOSHAYEDI
    *desiree.moshayedi@us.dlapiper.com*
    2000 Avenue of the Stars
    Suite 400 North Tower
    Los Angeles, California 90067-4735
    Telephone:   310.595.3000
    Facsimile:   310.595.3300

DAVID S. SAGER (*Pro Hac Vice*)
*david.sager@us.dlapiper.com*
51 John F. Kennedy Parkway
Suite 120
Short Hills, New Jersey 07078-2704
Telephone:   973.520.2550
Facsimile:    973.520.2551

BARRY M. HELLER (*Pro Hac Vice*)
*barry.heller@us.dlapiper.com*
One Fountain Square
11911 Freedom Drive
Suite 300
Reston, Virginia 20190-5602
Telephone:   703.773.4000
Facsimile:    703.773.5000

*Attorneys for Defendant*
*Spirit Halloween Superstores, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on April 2, 2025, I authorized the electronic filing of the foregoing with the Clerk of Court using the CM/ECF system which will send notifications of such filing to the email through the Court's Notice of Electronic Filing System.

Dated: April 2, 2025                    DLA PIPER LLP (US)


                                        By: */s/ Desiree Moshayedi*
                                            By: Desiree Moshayedi (SBN 335014)
                                            2000 Avenue of the Stars
                                            Suite 400, North Tower
                                            Los Angeles, California 90067
                                            T. 310.595-3219 | F: 310.595.3419
                                            desiree.moshayedi@us.dlapiper.com